IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOLA DELANO,<br><br>            Plaintiff,<br><br>      v.<br><br>VILLAGE OF UNIVERSITY PARK ILLINOIS, an Illinois Home Rule Municipality, TRUSTEE LARRY B. BROWN in his official and individual capacity, TRUSTEE JOSEPH E. ROUDEZ III, in his official and individual capacity, TRUSTEE OSCAR BROWN, JR., in his official and individual capacity, TRUSTEE KEITH J. GRIFFIN, in his official and individual capacity, TRUSTEE MILTON C. PAYTON, in his official and individual capacity.<br><br>            Defendants. | Case No. |

## **COMPLAINT**

NOW COMES the Plaintiff, BOLA DELANO, by and through her attorneys, OTUBUSIN & ASSOCIATES, P.C. and complains of Defendants VILLAGE OF UNIVERSITY PARK, ILLINOIS, an Illinois Home Rule municipality (hereafter "VILLAGE") and TRUSTEE LARRY B. BROWN, TRUSTEE JOSEPH E. ROUDEZ III, TRUSTEE OSCAR BROWN JR., TRUSTEE KEITH J. GRIFFIN, TRUSTEE MILTON C. PAYTON, all of whom are being sued in their Official and Individual capacities.

## NATURE OF THE CASE

1. Plaintiff brings this action for violation of her civil rights, and of Illinois law and statutes regarding termination of village managers, and of the Illinois Wage Payment and Collection Act.

## JURISDICTION AND VENUE

2. This action arises under the United States Constitution, amendment XIV, and a federal statute, 42 U.S.C. § 1983, and jurisdiction over such claims arises under 28 U.S.C. § 1331, and 28 U.S.C. § 1343. The Court has supplemental jurisdiction over Plaintiff's remaining state court claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this judicial district in accord with 28 U.S.C.§ 1391 (b) and (c), as Plaintiff and Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district.

## PARTIES

4. Plaintiff BOLA DELANO (hereafter "Plaintiff" or "DELANO"), at all times relevant to this Complaint, is a resident of the Village of Orland Park, Cook County, State of Illinois. Her place of employment as Village Manager was the Village of University Park, Village Hall, 698 Burnham Drive, located in both Will and Cook Counties, Illinois.

5. Plaintiff has a Bachelor of Arts degree in Urban Planning Studies from the University of Westminster in London, UK and has completed post graduate work in Project and Policy Management, also from the University of Westminster in London, UK. Plaintiff began her employment as the Village Manager of the Village of University Park on May 18, 2015 and was purportedly terminated from said position on February 2, 2016.

6. Prior to being Village Manager of University Park, Plaintiff was the Deputy Director for Planning and Programming for the Illinois Department of Transportation from 2011-2015.

7. Immediately prior to working for the Illinois Department of Transportation, Plaintiff was the Deputy Executive Director for the Chicago Metropolitan Agency for Planning.

8. Immediately prior to working for the Chicago Metropolitan Agency for Planning, Plaintiff was a Senior Account Manager for the Illinois Department of Commerce and Economic Opportunity.

9. Immediately prior to working for the Illinois Department of Commerce and Economic Opportunity, Plaintiff was the Director of Economic Development for the Chicago Southland Chamber of Commerce

10. Prior to joining the Chicago Southland Chamber of Commerce, Plaintiff held positions of increasing responsibility with the Village of Ford Heights in Village Administration and Planning and with the Hertfordshire County Council as the Director of Regeneration in the United Kingdom.

11. Plaintiff has over 21 years of experience in urban planning and economic development at the local, county and state levels.

12. Defendant VILLAGE OF UNIVERSITY PARK, ILLINOIS (hereafter the "VILLAGE") is a home rule unit of Illinois and an Illinois municipal corporation.

13. Defendants Larry B. Brown, Joseph E. Roudez III, Oscar Brown, Jr., Keith J. Griffin and Milton C. Payton (hereinafter "TRUSTEES") are all present trustees of the VILLAGE and were trustees at all times relevant to this Complaint and are sued in their official and individual capacities.

**FACTS COMMON TO ALL CLAIMS**

14. At all times material to this complaint, Plaintiff was employed by the Defendant VILLAGE as its Village Manager for 8 months and fifteen days under her written employment agreement.

15. Plaintiff performed all of the duties of her position and met the Mayor's legitimate expectations as Village Manager for the VILLAGE.

16. On or about June 12, 2015, Plaintiff entered into a written employment contract to be Village Manager of University Park. (A copy of this agreement is attached as **Exhibit A** to this Complaint and made a part hereof.) The term of this agreement was four (4) years at the salary of $107,000.00 per year. Pursuant to the written employment contract, Plaintiff could be terminated because of her conviction of a felony, a Class A or B misdemeanor, a crime of moral turpitude, or for cause. Pursuant to the written employment contract, cause is defined as failure to comply with any of the terms of the written employment agreement, the Illinois Compiled Statutes or Village Code relating to the duties of Village Manager, violation of the Code of Ethics of the International City Management Association, failure to carry out reasonable directives of the Board as articulated by the Mayor, insubordination to the Mayor, official misconduct, gross unethical behavior, and inappropriate verbal abuse of any Village employee.

17. On June 9, 2015, the VILLAGE passed Village Ordinance No. 02015-23, which authorized the execution of an employment agreement for the position of Village Manager between the VILLAGE and Plaintiff. (A copy of the Ordinance is attached as **Exhibit B** to this Complaint and made a part hereof.)

18. Plaintiff has never been convicted of any offenses which could result in termination.

19. Plaintiff received a letter on February 12, 2016 from the VILLAGE attorneys indicating that her employment was terminated effective February 2, 1016. The termination letter provides no details for the reason for Plaintiff's termination. (A copy of the termination letter is attached as **Exhibit C** to this Complaint and made a part hereof.)

20. No other reason has ever been given for the termination of Plaintiff's contract of employment.

21. At all times relevant to Plaintiff's Complaint, Mayor Vivian Covington has been the duly elected Mayor of the Village of University Park, recently defeating Defendant Joseph E. Roudez III, who lost the mayoral election in 2015. Plaintiff supported Mayor Covington during her re-election campaign where she defeated her political opponent Defendant Joseph E. Roudez III.

22. At all times relevant to Plaintiff's Complaint, Mayor Vivian Covington was of the belief that Plaintiff properly carried out her duties as Village Manager consistent with the terms and provisions of the employment agreement between the VILLAGE and Plaintiff.

23. To date, the Plaintiff has yet to receive any unpaid balance of earned salary, vacation, personal days and benefits due her on the effective date of her termination, as authorized by the employee manual for the VILLAGE.

## COUNT I
### (42 U.S.C. Section 1983 Claim for Deprivation of First Amendment Rights and for Wrongful Termination of Employment against the TRUSTEES)

24. Plaintiff reincorporates paragraphs 1-23 as if set out in this Count I in full.

25. Trustees Larry Brown, Roudez III, Oscar Brown Jr., Griffin and Payton (TRUSTEES) are political opponents of Mayor Vivian Covington and individually and jointly caused the wrongful termination of Plaintiff's employment based upon a retaliation for Plaintiff's exercise of free speech, association and political participation and support of Mayor Vivian

Covington in her mayoral campaign against Roudez III, thereby violating Plaintiff's rights under the First Amendment to the U.S. Constitution.

26. The TRUSTEES as final policymakers for the VILLAGE, as they carry the majority vote on the Village of University Park, Village Board, were the moving force behind the deprivation of Plaintiff's constitutional rights and resulting injuries. The actions of the TRUSTEES in depriving Plaintiff of her First Amendment rights and retaliating against her for the exercise thereof were the direct and proximate cause of her loss of employment and injuries to the Plaintiff which are set forth herein.

27. The TRUSTEES' actual intent to retaliate against Plaintiff caused her to lose past and future income, suffer emotional distress, depression, loss of prestige, humiliation and other consequential damages.

28. At all relevant times, the TRUSTEES acted intentionally, willfully, wantonly and maliciously and in reckless disregard of Plaintiff's constitutional and statutory rights.

29. An award of punitive damages against the TRUSTEES would be just to deter these Defendants from inflicting future abridgements of constitutional rights.

**WHEREFORE,** Plaintiff prays for judgment against the TRUSTEES for substantial compensatory damages and for future lost income, and because the TRUSTEES acted maliciously, willfully, wantonly and with reckless disregard for Plaintiff's constitutional rights, for substantial punitive damages, plus the costs of this action, attorneys' fees, and such other relief as the Honorable Court may deem equitable and just.

## COUNT II
### (Breach of Contract – Against the TRUSTEES)

30. Plaintiff reincorporates paragraphs 1-23 as if set out in this Count II in full.

31. Plaintiff's employment agreement specifies on page 5 of the agreement the specific reasons that can trigger termination (See **page 5 of Exhibit A** to this Complaint).

32. The Plaintiff engaged in no conduct whatsoever that warranted her termination.

33. The Plaintiff was never the subject of any form of progressive discipline by Mayor of the Village of University Park.

34. The Plaintiff never failed to carry out reasonable directives of the Board as articulated by the Mayor.

35. The Plaintiff was never insubordinate to the Mayor.

36. The Plaintiff has no criminal convictions that would have warranted her termination of employment.

37. The TRUSTEES intentionally, willfully and wantonly breached the employment agreement between the VILLAGE and Plaintiff by politically retaliating against the Plaintiff, terminating the Plaintiff's employment contract for pre-textual, unlawful reasons, despite the Mayor telling the TRUSTEES not to terminate the Plaintiff and despite the Mayor abstaining from all termination proceedings which occurred in the Village of University Park relative to the Plaintiff. (See the affidavit of Mayor Vivian Covington attached to this Complaint as **Exhibit D** and made a part hereof).

**WHEREFORE,** Plaintiff prays for judgment against the TRUSTEES for substantial compensatory damages, payment of the balance due and owing under the Plaintiff's employment agreement for the full period of Plaintiff's employment agreement and for future lost income, and because the TRUSTEES acted maliciously, willfully, wantonly and with reckless disregard

for Plaintiff's constitutional rights, for substantial punitive damages, plus the costs of this action, attorneys' fees, and such other relief as the Honorable Court may deem equitable and just.

## COUNT III
### (Violation of the Illinois Wage Payment and Collection Act – directed against the VILLAGE and the TRUSTEES)

38. Plaintiff reincorporates paragraphs 1-23 as if set out in this Count III in full.

39. Plaintiff maintains Count III pursuant to § 820 ILCS 115/11(c) and this Court's supplemental jurisdiction under 28 U.S.C. §1367 (a) to hear and adjudicate violations of this Act.

40. Upon termination, Plaintiff's employment agreement provides for payment of the unpaid balance of earned salary, vacation and personal days and benefits due her on the effective date of her termination as authorized by the employee manual.

41. Plaintiff has not received the payments referenced in paragraph 40.

42. Plaintiff has a made a demand for said payments, but the Defendants have refused to make said payments.

WHEREFORE, in light of the foregoing, Plaintiff respectfully requests that this Court grant judgment on her behalf and award her unpaid wages, plus penalties, interest, costs and attorneys' fees pursuant to statute and for any other relief this Court deems necessary and appropriate.

## COUNT IV
### (Illinois State Law Claim of Indemnification Pursuant to 745 ILCS 10/9-102 – Directed Against the Village of University Park)

43. Plaintiff reincorporates paragraphs 1-23 as if set out in this Count IV in full.

44. Defendant Village of University Park, Illinois, is the indemnifying entity for the actions of the Defendant TRUSTEES, described above, who took these actions while acting in their official capacity and in the course and scope of their employment with the Village of University Park, Illinois.

WHEREFORE, should the TRUSTEES be found liable on any of the claims set forth above, the Plaintiff demands that Defendant, Village of University Park be found liable for any judgment (other than punitive damages) she obtains thereon, pursuant to 745 ILCS 10/9-102.

## JURY DEMAND

Plaintiff, Bola Delano, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

Respectfully submitted,

By: /s/Paul O. Otubusin
One of Plaintiff's Attorneys

Date: March 30, 2016

Paul O. Otubusin, Esq.
ARDC No: 6205261
**OTUBUSIN & ASSOCIATES, P.C.**
77 West Washington Street
Suite 1204
Chicago, Illinois 60602
E-mail: drotubusin@otubusinlaw.com
(312) 251-1480
(312) 251-1481 (Fax)